UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-81264-CIV-COHN/SELTZER

ALLEN FOX,

    Plaintiff,

vs.

THE MARQUIS CORPORATION,

    Defendant.
_____/

## REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS CAUSE is before the Court on Plaintiff's Verified Motion for Attorneys' Fees and Litigation Expenses and Costs (DE 19) and was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida. For the reasons set forth below, the undersigned RECOMMENDS that Plaintiff's Motion be GRANTED in part and DENIED in part.

## PROCEDURAL BACKGROUND

On October 30, 2008, Plaintiff Allen Fox brought this action against The Marquis Corporation pursuant to Title III of the Americans with Disabilities Act, 42 U.S.A. § 12181 et seq., alleging that architectural barriers exist at the Defendant's property that prevent disabled persons from using and enjoying the goods and services offered at the premises. On May 1, 2009, the parties entered into a Consent Decree (DE 19-1), whereby Defendant agreed to remove all architectural barriers to the disabled alleged in Plaintiff's Complaint.

As part of the Consent Decree, Defendant agreed to pay the reasonable attorneys' fees, expenses, and costs incurred by Plaintiff.[1] The District Court then entered a Final Order Approving and Entering Consent Decree (DE 18). Plaintiff thereafter timely filed the instant Verified Motion for Attorneys' Fees and Litigation Expenses and Costs and Incorporated Memorandum of Law (DE 19), together with a copy of the Consent Decree and an itemization of the time counsel expended on the litigation and the costs incurred. Defendant has responded (DE 30), and has submitted the affidavits of its paralegal/private investigator and a fee expert and two memoranda in opposition to fee motions filed by Plaintiff in other ADA cases. And Plaintiff has replied thereto (DE 31). The Motion is now ripe for decision.

## ATTORNEYS' FEES

Plaintiff seeks to recover $13,758.50 for attorney (and paralegal) fees and $514.40 for costs and litigation expenses already incurred, as well as $350 for a re-inspection fee to be incurred in the future. The Americans with Disabilities Act ("ADA") provides for an award of reasonable attorney's fees, litigation expenses, and costs to the prevailing party.[2]

---

[1] Under the Consent Decree, the parties were to negotiate the amount of fees, expenses, and costs that Defendant is to pay and, if they could not agree, they would submit the matter to the Court for determination of the amount. The parties were unable to agree on the amount, and the instant motion ensued.

[2] It is undisputed that Plaintiff is the prevailing party herein. In Buckhannon Bd. and Care Home, Inc. v. West Virginia Dep't of Health and Human Resources, 532 U.S. 598 (2001), the Supreme Court noted that a "material alteration of the legal relationship of the parties" is necessary to permit an attorney's fee award under a "prevailing party" fee-shifting statute. Id. at 604 (quoting Texas State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 792-93 (1989)). The Court ruled that a settlement agreement "enforced through a consent decree" is a "court-ordered change in the legal relationship" between the parties sufficient to support a fee award. Id. And this Circuit has held that

28 U.S.C. § 12205. Moreover, Defendant has agreed to pay such fees, expenses, and costs pursuant to the parties' Consent Decree (DE 19-1).

This Circuit has adopted the lodestar method to determine a reasonable attorney's fee. Norman v. Hous. Auth. of the City of Montgomery, 836 F.2d 1292 (11th Cir. 1988). To establish a lodestar amount, a court must ascertain the number of hours an attorney reasonably expended on the litigation and then multiply that figure by a reasonable hourly rate. Id. at 1299-1302. Under certain circumstances, the lodestar amount may be adjusted to reach a more appropriate attorney's fee. Id. at 1302. The fee applicant bears the burden of documenting the reasonable hours expended and reasonable hourly rates. ACLU of Georgia v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999).

1. Reasonable Hourly Rates

In calculating a lodestar amount, the Court must first determine whether the hourly rate sought is reasonable. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299. Evidence of prevailing rates may be adduced either through direct evidence of charges by lawyers in the same community under similar circumstances or through opinion evidence. Norman, 836 F.2d at 1299. Additionally, this Court's Local Rule 7.3.A requires that a fee motion be supported by an affidavit of an expert witness. S.D. Fla. L.R. 7.3.A(vii). Plaintiff here has failed to submit

---

attorney's fees may be awarded under a "prevailing party" fee-shifting statute where a district court either "incorporates the terms of a settlement agreement into its final order of dismissal or expressly retains jurisdiction to enforce a settlement. . . ," notwithstanding that no formal consent degree is entered. American Disability Ass'n, Inc. v. Chmierlarz, 289 F.3d 1315, 1320 (11th Cir. 2002).

an expert affidavit.[3] However, "where documentation is inadequate, the district court is not relieved of its obligation to award a reasonable fee . . . . [T]he district court traditionally has had the power to make such an award without the need of further pleading or an evidentiary hearing." Norman, 836 F.2d at 1299. A court, therefore, may determine a reasonably hourly rate based on its own experience. Id. ("The court . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.").[4]

---

[3] Plaintiff states that he will, if necessary, introduce expert testimony at any evidentiary hearing on the instant Motion. The Court, however, does not find that an evidentiary hearing is necessary. A hearing on a fee motion is required only "where an evidentiary hearing [is] requested, where there [are] disputes of fact, and where the written record [is] not sufficiently clear to allow the trial court to resolve the disputes of fact. . . ." Norman, 836 F.2d at 1303-04. And this Circuit has explained that "[a]n evidentiary hearing is unnecessary for issues about which the district court possesses sufficient expertise: 'Such matters might include the reasonableness of the fee, the reasonableness of the hours and the significance of [the] outcome.'" Thompson v. Pharmacy Corp. of America, Inc., 334 F.3d 1242, 1245 (11th Cir. 2003) (quoting Norman, 836 F.2d at 1309); see also Fox v. Cohen Ventures, No. 08-81052-Civ, 2009 WL 1393348, at *3 (S.D. Fla. May 15, 2009) ("A court is not required to hold an evidentiary hearing prior to awarding attorney's fees. Rather, attorney's fee awards are generally based on affidavits and billing records submitted to the court.") (internal citation omitted). The primary issues presented herein are the reasonableness of counsel's hourly rate and the reasonableness of the number of hours expended, matters over which the Court possesses sufficient expertise. Moreover, the written record here is sufficiently clear to permit the Court to resolve any issues of fact that may exist.

[4] The Eleventh Circuit has also stated that the following twelve factors set forth by the former Fifth Circuit in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 719 (5th Cir. 1974), are still relevant in establishing an hourly rate: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the

Throughout this litigation, Plaintiff was represented by attorneys Samuel C. Aurilio and Cynthia K. Mitchell of the law firm Aurilio & Associates, P.A. Aurilio has been practicing law in Florida for more than 18 years; he represents that he has litigated or settled more than 150 ADA Title II cases on behalf of plaintiffs in the Southern and Middle Districts of Florida. According to Aurilio, in 1996, he was named Advocate of the Year for Palm Beach County and was given a citation and recognized by then-Governor Lawton Chiles for his work as an advocate. Attorney Mitchell, an associate with the Aurilio firm, was admitted to The Florida Bar in September 2002. Since that time, she has been lead counsel in more than 120 ADA Title III cases. In calculating the lodestar amount, Plaintiff urges the Court to use a $375 hourly rate for Aurilio and a $325 hourly rate for Mitchell.

Defendant contends that the hourly rates of attorney Aurilio and attorney Mitchell are unreasonable. In support of its contention, Defendant submits the affidavit of attorney James S. Telepman,[5] who opines that a reasonable hourly rate for Aurilio is $325 and a reasonable hourly rate for Mitchell is $250. Defendant has also cited the recent decision of District Judge Daniel T. K. Hurley (adopting the Report and Recommendation of Magistrate Judge James M. Hopkins) in Fox v. Cohen Ventures, No. 08-81052-Civ, 2009 WL 1393348 (S.D. Fla. May 15, 2009). In that ADA case, the court found that the rates

---

attorneys; (10) the undesirability of the case; (11) the nature and the length of the professional relationship with the client; and (12) awards in similar cases. See Norman, 836 F.2d at 1299 ("We still believe that at least some of the Johnson factors have utility in establishing the hourly rate."). In determining hourly rates, this Court has considered the applicable Johnson factors.

[5] Telepman has practiced as a commercial trial attorney in South Florida for the past 24 years and has experience litigating ADA cases against Plaintiff Fox and his counsel.

claimed by counsel were excessive; the court instead used a $325 hourly rate for attorney Aurilio and a $295 hourly rate for attorney Mitchell in calculating the lodestar amount. Id., at *5; see also Access for the Disabled v. Pettineo, No. 08-61200-Civ-Altonaga (S.D. Fla. September 10, 2009) (DE 88) (adopting Report and Recommendation of Magistrate Judge Stephen T. Brown (DE 87); awarding attorney's fees based on a $325 hourly rate for attorney Aurilio and a $295 hourly rate for attorney Mitchell).

Based on the parties' submissions, the Cohen Ventures and Pettineo decisions, and the Court's own experience and knowledge of prevailing market rates for similar services in the South Florida legal community in ADA cases, the Court concludes that an hourly rate of $325 for attorney Aurilio and an hourly rate of $295 for attorney Mitchell is reasonable, given their skill and experience in ADA litigation.

    2.    Hours Reasonably Expended

The Court must next determine the reasonableness of the hours expended by Plaintiff's counsel. A fee applicant must set out the general subject matter of the time expended by the attorney "with sufficient particularity so that the court can assess the time claimed for each activity." Norman, 836 F.2d at 1303. "[A] lawyer may not be compensated for hours spent on activities for which he would not bill a client of means who was seriously intent on vindicating similar rights." Id. at 1301. Thus, fee applicants are required to use "billing judgment." Id. In ascertaining the number of reasonable hours, a court must deduct "excessive, redundant or otherwise unnecessary hours" from those claimed. Id. "An award for time spent by two or more attorneys is proper as long as it reflects the distinct contribution of each lawyer to the case and the customary practice of

6

multiple-lawyer litigation." Johnson v. Univ. College of Univ. of Ala. in Birmingham, 706 F.2d 1205, 1208 (11th Cir. 1983).

In support of his fee motion, Plaintiff has submitted his counsel's itemized time records, which reflect that attorney Aurilio expended 7.4 hours and attorney Mitchell expended 32.3 hours. Defendant contends that the hours claimed are excessive. Just as a fee applicant must document and provide evidence of hours expended by its counsel, a party opposing a fee application must be "reasonably precise" in identifying opposing counsel's hours it believes to be unreasonable or unnecessary. Norman, 836 F.2d at 1301 ("As the district court must be reasonably precise in excluding hours thought to be unreasonable or unnecessary, so should be the objections and proof from fee opponents."); see also Gates v. Deukmejian, 987 F.2d 1392, 1397-08 (9th Cir. 1993) ("The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party. . . ."); Fox v. Scott Group, Inc., No. 04-14211-Civ (S.D. Fla. Aug. 12, 2005) (order on verified motion for attorneys' fees) (Lynch, M.J.) ("Although the Plaintiff, as movant, carries the burden of proof, the Defendant carries a concomitant obligation to specifically identify objectionable billings.").

At the outset, the Court addresses Defendant's suggestion that Plaintiff's fee request is excessive because within one month after the commencement of this action, Defendant informed Plaintiff that it desired to settle by bringing its property into compliance with the ADA. See Defendant's Request for Ruling on Plaintiff's Objections to Defendant's Attorneys Fee Request to Produce (DE 24, 24-1); Telepman Aff. ¶¶ 3, 6 (DE 30-4).

Apparently, Defendant contends Plaintiff should be awarded fees only for time that contributed to the settlement. Defendant's contention, however, is not well-taken. Although Defendant may have expressed a desire to settle the case in its early stages, the parties nonetheless continued to litigate for another five months before executing a Consent Judgment – only 3 months before trial. Moreover, Defendant did not request a stay of this action pending settlement negotiations. Plaintiff, therefore, was obligated to continue litigating; he could not sit idly by as pretrial deadlines and the trial date approached in the hope that the case would be settled. No reduction of fees, therefore, is warranted on this ground.

In its Response (DE 30) to Plaintiff's fee motion, Defendant states that Plaintiff's fee request is "exaggerated" and characterizes the time claimed by Plaintiff's counsel as "unreasonable, duplicative and excessive." Defendant's Response, however, fails to identify the specific time entries to which Defendant objects.[6] Instead, Defendant cites to other ADA cases in which courts had considered fee motions by attorneys Aurilio and Mitchell and reduced the hours claimed. According to Defendant, with limited exceptions, the time entries of attorney Aurilio (and to some extent those of attorney Mitchell) in this case are identical – both as to the work allegedly performed and the time allegedly spent on each task – to the time entries in Fox v. Cohen Ventures, No. 08-81052-Civ-Hurley

---

[6] In attorney Telepman's affidavit (submitted by Defendant), Telepman opines that Plaintiff's counsel's time records contain "numerous examples of work that do not appear to be reasonable or necessary." Telepman Aff. ¶ 3 (DE 30-4). But he identifies only two such examples: the time claimed by Aurilio (.4 hours) on October 22, 2008, for drafting a "form" letter and the time claimed by Mitchell (3.5 hours) on May 22, 2009, for preparing the instant fee Motion.

(S.D. Fla. Feb. 11, 2009 (time entries submitted with defendant's response to fee motion (DE 13-3)) and Fox v. Raymond Office Plaza, LLC, No. 07-80630 (S.D. Fla. June 25, 2008) (time entries submitted with defendant's response to fee motion (DE 28, Ex. C-2));[7] it submits here the memoranda in opposition filed in those cases. "For the sake of brevity" and because "not much can be added to the prior arguments of defense counsel" in Cohen Ventures and Raymond Office Plaza, Defendant invites this Court to apply the defendants' arguments in opposition therein to the instant case. Not only does this practice circumvent Local Rule 7.1.C.2's page limitation, but the undersigned does not find this approach helpful. Nor does such approach meet Defendant's duty to identify the specific time entries to which it objects with "reasonable precision"; rather, it shifts to the Court what is properly Defendant's burden to identify those objections and arguments in the other cases that would apply to the instant case. Nonetheless, because the Court has a duty to not award excessive fees and because many of the time entries in those cases are virtually identical to those here, the undersigned has considered the arguments raised by the defendants' opposition memoranda in Cohen Ventures and Raymond Office Plaza.

Attorney Aurilio's sole contribution to this litigation was to initiate the case, including

---

[7] According to Defendant's fee expert, these identical time entries indicate that Plaintiff's counsel is apparently "block billing," "a practice forbidden years ago." Telepman Aff. ¶ 3. He suggests that this practice raises suspicion as to "whether the work was even actually done." Id. Telepman opines that crediting even two hours of attorney Aurilio's time would be generous and that attorney Mitchell could not possibly have spent more than five to eight hours total on this case. Id. Plaintiff attempts to explain the reason his counsel billed the same amount of time for the same activities in other cases: "[A]t this point, many activities take longer than they used to; however, since it is not appropriate to charge a defendant for this additional time, a lesser standardized and previously approved amount of time is usually charged." Reply at 6 (DE 31). Plaintiff, however, has failed to explain why it now takes longer to perform these activities.

9

drafting and filing the Complaint. He first claims 1.2 hours for an initial conference with Plaintiff Fox "re problems @ premises." In Cohen Ventures, Aurilio also claimed 1.2. hours for the initial conference with the client (Allen Fox).[8] "[I]n light of the numerous other ADA lawsuits counsel have recently filed for this very Plaintiff in federal court," the court in that case reduced Aurilio's hours, stating: "It is reasonable for this Court to infer that for the sake of efficiency, multiple cases are discussed with Mr. Fox during one meeting." Cohen Ventures, 2009 WL 1393348, at *4. The same reasoning applies here; on the same day that the instant case was filed, the Aurilio law firm filed three other ADA cases on behalf of Fox.[9] Accordingly, 0.9 hours should be deducted for the client conference.

Aurilio next claims 1.1 hours for a computerized search for the subject property's ownership and 0.2 hours and 0.4 hours for computerized searches for other ADA cases relating to the subject property, for a total of 1.7 hours. These types of searches are not typically conducted by a senior partner; rather, they are performed by a paralegal (or at least by an associate attorney) with a lower billing rate. Moreover, the time expended by Aurilio is excessive. The Court believes that these computerized searches should not have taken more than 0.5 hours. Accordingly, 1.2 hours should be disallowed.

Defendant argues that the time claimed by Plaintiff's counsel for drafting documents is excessive, given that counsel use the same form filings in all the ADA cases they

---

[8] The Court notes that also in Raymond Office Plaza, Aurilio claimed 1.2 hours for the initial client conference.

[9] See Fox v. Old Port Cove Holdings, Inc., No. 08-81265-Marra (S.D. Fla. Oct. 30, 1998) (Complaint); Fox v. Delray Properties Investments, Inc., No. 08-81263-Civ-Marra (S.D. Fla. Oct. 30, 2008) (Complaint); Fox v. Colony Gardens Professional Center, L.L.C., 08-81262-Civ-Ryskamp (S.D. Fla. Oct. 30, 2008) (Complaint).

10

bring.[10]  There is nothing inherently wrong with using forms to generate pleadings and other documents; as Plaintiff correctly states, it is not necessary to "reinvent the wheel" in every case.  Indeed, such practice should result in a savings for the client.  But when using such "form" documents, an attorney should not bill for the time it would have taken to create the documents from "scratch."

Although Plaintiff states that the use of forms has been reflected in his counsel's billing, the Court concludes that some of the time claimed is disproportionate to the "form" filings generated.  By way of example, attorney Aurilio claims 1.2 hours to prepare, revise, and finalize the Complaint.  The Court has compared the Complaint in this case to the Complaints filed on behalf of this Plaintiff in at least 20 other cases; in each case Plaintiff's attorney claimed the same or almost the same amount of time for this activity. The Complaint in each case, however, is identical except for a paragraph identifying the defendant and a paragraph identifying the alleged ADA violations for the property that is the subject of the particular action.  Moreover, it appears that Plaintiff's counsel has a standardized list of potential ADA violations, from which list he chooses those violations that apply in a particular case; he then merely inserts those violations into the Complaint. The Court believes that these two modifications should take no more than 0.5 hours. Accordingly, 0.7 hours of Aurilio's time attributed to drafting and finalizing the Complaint should be disallowed.  The Court also believes that the 0.4 hours Aurilio claims for

---

[10] Defendant has submitted the affidavit of Paralegal/Private Investigator Gina Ferrara (DE 30-3).  At the request of Defendant's counsel, Ferrara conducted a comparison of the filings in the instant case with those in other ADA cases filed by the Aurilio firm in 2008 and 2009.  Ferrara states that her research revealed that in multiple cases the filings were identical.  See comparison chart attached to Ferrara Aff. (DE 30-3).

11

preparing the summons and civil cover sheet and drafting a letter to the Clerk of the Court regarding the filing of a new case is excessive; another 0.2 hours, therefore, should be deducted from Aurilio's time for these tasks.

Defendant also challenges the October 22, 2008 time entry of Aurilio: "DRAFT LETTER TO CLIENT RE AUTHORITY TO REP., RETAINER AGREEMENT, STATEMENT OF CLIENT'S RIGHTS." Time Sheet for Aurilio (DE 19-3). Defendant's expert Telepman (who represented the defendant in Cohen Ventures) opines that the 0.4 hours claimed is excessive for drafting a form letter, enclosing form representation agreements. Telepman Aff. ¶ 5. In reply, Plaintiff questions how Defendant's expert can state in a sworn affidavit that the document was a "form" letter since he has never seen it. However, forms are typically used for such client letters, retainer agreements, and statements of clients' rights. And it is even more likely that such documents were generated from forms in this case; a CM/ECF search reveals that the Aurilio law firm has filed 161 cases on behalf of this same plaintiff since July 2004. Accordingly, the Court finds that the time claimed by Aurilio for this activity is excessive; therefore, 0.2 hours for this task should be disallowed. And in light of the number of cases brought on behalf of this same plaintiff, the Court additionally finds that the 0.3 hours claimed for preparing and sending to Fox an authorization to initiate the complaint and the 0.2 hours reviewing the authorization returned by the client is excessive. The Court, therefore, will deduct 0.3 hours from Aurilio's time for these activities.

The Court finds that the remaining time claimed by Aurilio – 2.0 hours for the site inspection and related activities – is reasonable. In sum, 3.5 hours of the 7.4 hours

claimed by Aurilio should be disallowed, resulting in 3.9 hours to be used in calculating the lodestar amount.

After carefully reviewing attorney Mitchell's time records, with the few exceptions discussed below, the Court finds that the hours claimed by Mitchell are reasonable.

Attorney Mitchell claims 3.5 hours for drafting the instant fee motion and preparing the supporting exhibits on May 22, 2009; on that same day, she claims an additional 0.5 hour for reviewing counsel's and the paralegal's time records on that same day. Except for the numbers, the Aurilio law firm has used almost identical fee motions in other cases. See, e.g., Cohen Ventures, No. 08-81052-Civ (DE 13); Raymond Office Plaza, No. 07-80630 (DE 28). In light of the "cookie-cutter" nature of the fee motion, the Court finds Mitchell's time claimed for this task excessive, especially given that on February 5, 2009, she also billed an additional 0.5 hours in reviewing and compiling time sheets and cost invoices when she and defense counsel were attempting to agree to the amount of reimbursable fees and costs. Moreover, the 3.5 hours included time for preparing an expert affidavit; yet, no expert affidavit was submitted with the fee motion. Accordingly, Mitchell's time for preparing the fee motion should be reduced by 3 hours, crediting only 0.5 hours for this activity.

Mitchell's March 16, 2009 and March 17, 2009 time entries reflect that she expended 2.0 hours researching and drafting a motion to compel better answers to requests for production and for sanctions and 1.0 hour researching and drafting a motion to compel a property inspection. Neither of these motions were ever filed and, therefore, the Court cannot ascertain whether the time claimed is reasonable. Although the Court

13

recognizes that a plaintiff is duty-bound to continue to prosecute the case even though the opposing party has expressed a desire to settle, it appears that these motions were unnecessary at this stage of the litigation.  The Consent Decree had already been drafted, and three days after these discovery motions were drafted, Mitchell revised the Consent Decree and prepared a proposed final order approving and entering the Consent Decree. Moreover, had the settlement not been finalized, Plaintiff still had another month to file the motions before the close of the discovery period.  Accordingly, the 3 hours claimed for these tasks should be disallowed.  In sum, 6 hours of the 32.3 hours claimed by Aurilio should be disallowed, resulting in 26.3 hours to be used in calculating the lodestar amount.

As part of the attorneys' fee award, Plaintiff also seeks to be compensated for paralegal work performed by Heather Grove.  Grove has nearly 4 years experience and is knowledgeable about the application of the ADA, such that she regularly represents the firm in conducting formal property inspections with opposing counsel and expert witnesses. Grove is pursuing a Bachelor of Science degree in Paralegal Studies. The paralegal expended 5.4 hours, and her billing rate is $90 per hour.

A court may award fees for the work of paralegals, but "only to the extent that [they] perform work traditionally done by an attorney." Scelta Delicatessen Support Servs., Inc., 203 F. Supp. 2d 1328, 1334 (M.D. Fla. 2002) (quoting Jean v. Nelson, 863 F.2d 759, 778 (11th Cir. 1988)). "[W]ork that is clerical or secretarial in nature is not separately recoverable."  Id.  (denying attorney's fees for such clerical and secretarial work as gathering materials and copying, mailing, and refiling them).  For example, paralegal fees for "performing clerical functions such as organizing files, copying documents, checking

the docket, updating files, checking court dates and delivering papers" are not compensable. For Play Limited v. Bow to Stern Maint., Inc., No. 05-22002-Civ, 2006 WL 3662339, at *7 (S.D. Fla. Nov. 6, 2006) (King, J., adopting Report and Recommendation of Garber, M.J.). By contrast, phone calls to clients, opposing counsel, and experts are typically not considered clerical in nature. Reino ex rel Reino v. Sec'y of Dept. of Health and Human Servs., No. 06-170-V, 2007 WL 5171596, at *2 (Fed. Cl. Feb. 14, 2007) (rejecting argument that paralegal's phone calls were "ministerial tasks" that were not compensable).

Here, Defendant does not object to Groves' $90 hourly rate and the Court concludes that her rate is reasonable. Groves' time records reflect that she expended a total of 5.4 hours on such matters as telephone conferences and exchanging e-mails with opposing counsel, telephone conferences with the expert hired to inspect the subject property, and attending an on-site inspection of the property. The undersigned finds both that the work performed by Groves is of the type normally performed by attorneys and that the time expended was reasonable. Accordingly, the entire 5.4 hours expended by Groves is compensable.

3.   Lodestar Amount

Multiplying the reasonable number of hours counsel expended by the reasonable hourly rates results in a lodestar amount of $9,512.00, calculated as follows:

| Attorney | Hours | Hourly Rate | Fees |
|---|---|---|---|
| Samuel Aurilio | 3.9 | $325 | $1,267.50 |
| Cynthia Mitchell | 26.3 | $295 | $7,758.50 |
| Paralegal | 5.4 | $ 90 | $  486.00 |

Lodestar amount - $9,512.00

## COSTS AND LITIGATION EXPENSES

Plaintiff seeks reimbursement of costs and litigation expenses in the amount of $514.40 composed of the following: filing fee ($350); service of process fee ($30); mileage ($55.45); postage ($3.95); in-house photocopying charges ($74); and reinspection fee ($350). Filing and service of process charges are taxable as costs to a prevailing party under 28 U.S.C. § 1920(1), and photocopying charges are taxable under 28 U.S.C. § 1920(4) if they are necessarily obtained for use in the case. Charges for photocopies made merely for the convenience of counsel, however, are not taxable. Wish v. MSC Crociere S.A., No. 07-60980-Civ, 2009 WL 347793, at *2 (S.D. Fla. Feb. 11, 2009) (Marra, J.); Blevins v. Heilig-Meyers Corp., 184 F.R.D. 663, 668 (M.D. Ala. 1999); Desisto College v. Town of Howey-in-the-Hills, 718 F. Supp. 906, 913 (M.D. Fla. 1989), aff'd, 914 F.2d 267 (11th Cir. 1990); Allen v. Freeman, 122 F.R.D. 589, 591 (S.D. Fla.1988) (King, J.). In addition to statutory costs, the ADA authorizes an award of litigation expenses. 28 U.S.C. § 12205. Moreover, in the instant Consent Decree, Defendant agreed to pay the reasonable costs and litigation expenses incurred by Plaintiff.    Defendant objects only to the postage and photocopying charges, arguing that Plaintiff has failed to submit any supporting evidence for these charges. From a review of Plaintiff's itemization of costs,

however, it appears that the postage charges were incurred to mail the Complaint and accompanying documents to the Clerk of the Court ($2.44) and to mail Plaintiff's discovery requests to Defendant ($1.51). The undersigned, therefore, declines to disallow the postage charges.

"A party seeking to recover [photocopying] costs must come forward with evidence showing the nature of the documents copied including how they were used or intended to be used in the case. Simply making unsubstantiated claims that such documents were necessary is insufficient to permit recovery." Corsair Asset Mgmt. v. Moskovitzu, 142 F.R.D. 347, 352 (N.D. Ga. 1992); see also Cohen Ventures, 2009 WL 1393348, at *8 ("The party moving for an award of copy costs has the burden of showing that the copies were necessarily obtained for use in the case."). "Where the movant has failed to itemize copies necessarily obtained for use in the case and those that were made for their own convenience, an award of costs may be denied." Id.

Plaintiff here has identified the documents copied and the number of copies of each document. He, however, has failed to explain the manner in which such photocopies were used or why they were necessary. The majority of the photocopies, such as copies of the electronic filings in this case, e-mails and facsimiles from opposing counsel, and defendant's discovery responses, do not appear to have been necessary for use in this case; rather, they appear to be made for the convenience of counsel. The undersigned, therefore, finds that the photocopying charges for only the following documents should be compensable: Complaint, Summons, and Civil Cover Sheet provided to the Clerk of the Court (40 copies); Authorization to Initiate Complaint for Injunctive Relief provided to

17

Plaintiff (2 copies); and Plaintiff's discovery requests provided to Defendant (25 copies). However, the Court additionally finds that the $0.25 per copy charged by Plaintiff's counsel is excessive; rather, $0.10 per copy is reasonable. Accordingly, only $6.70 should be awarded for photocopying charges (67copies x .10).

In sum, the Court concludes that the following costs and litigation expenses should be awarded: $350 filing fee; $30 service of process fee; $55.45 mileage charge; $3.95 postage charge; $6.70 photocopying charge; and $350 expert reinspection fee, for a total of $796.10.[11]

## RECOMMENDATION

Based on the foregoing, it is hereby RECOMMENDED that the District Court GRANT in part and DENY in part Plaintiff's Verified Motion for Attorneys' Fees and Litigation Expenses and Costs (DE 19) and award Plaintiff $9,512.00 in attorney's fees and $796.10 in costs and litigation expenses.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable James I. Cohn, United States District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the district court of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted

---

[11] Expert costs are generally not taxable, but under the ADA, 42 U.S.C. § 12205, fees paid to expert witnesses are considered "litigation expenses." Lovell v. Chandler, 303 F.3d 1039, 1058-59 (9th Cir. 2002). And at least one court in this District has awarded an expert reinspection fee as a litigation expense. See Cohen Ventures, 2009 WL 1393348, at *7 (awarding $350 for expert reinspection fee). Furthermore, Defendant here has not objected to payment of the reinspection fee.

or adopted by the district court except upon grounds of plain error or manifest injustice. See 28. U.S.C. § 636(b)(1); Nettles v. Wainwright, 677 F.2d 404, 410 (5th Cir. Unit B 1982) (en banc).

DONE AND SUBMITTED in Fort Lauderdale, Florida, this 22nd day of February 2010.

BARRY S. SELTZER
United States Magistrate Judge

Copies to:

Honorable James C. Cohn
United States District Judge

All counsel of record